UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SABRINA A. TALLEY,

    Plaintiff,

v.                                                        CASE NO. 3:15-cv-423-J-34MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

    Defendant.

_____/

# REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision partially granting her claim for Supplemental Security Income ("SSI") payments. On November 9, 2005, Plaintiff protectively applied for SSI payments alleging that she became disabled on September 24, 2005. (Tr. 46, 116-22.) A hearing was held before an assigned Administrative Law Judge ("ALJ") and he issued an unfavorable decision on September 14, 2007. (Tr. 1202-1213.) The Appeals Council granted Plaintiff's request for review and remanded the matter for further administrative proceedings.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

Following remand, another administrative hearing was held and, on January 29, 2010, a different ALJ rendered a partially favorable decision, concluding that Plaintiff was disabled as of August 11, 2008, but not prior to that date. (Tr. 1214-28.) Plaintiff requested review of the decision that she was not disabled prior to August 11, 2008. (Tr. 52.) On July 7, 2011, the Appeals Council again remanded the case for further administrative proceedings as:

> The Appeals Council was unable to take action on the claimant's request for review at the time it was filed because the record upon which the [ALJ] based the decision could not be located. When extensive efforts to locate the record were unsuccessful, it was decided to reconstruct it.
>
> The Appeals Council has been unable to locate or redevelop the evidence. Because of this, the Appeals Council is unable to determine whether the decision is supported by substantial evidence. Accordingly, the Appeals Council finds that the claimant should have the opportunity for a new hearing and decision on the issues raised in her application.

(Tr. 49.)

Three administrative hearings were held by the third ALJ, at which Plaintiff was represented by an attorney. (Tr. 1053-129, 1130-201.) By a decision dated June 14, 2013, the ALJ entered a partially favorable decision and found Plaintiff disabled from September 24, 2005, through August 14, 2007. (Tr. 15-33.) The Appeals Council denied Plaintiff's request for review. (Tr. 7-10.)

Plaintiff is appealing the Commissioner's decision that her disability ended on August 14, 2007. Plaintiff has exhausted her available administrative

remedies and the case is properly before the Court. The undersigned has reviewed the record, the briefs, and the applicable law.  For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Commissioner's decision be **REVERSED and REMANDED**.

**I.     Standard of Review**

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to

determine the reasonableness of the Commissioner's factual findings).

## II.   Discussion

Plaintiff argues three general points on appeal.  Plaintiff first asserts that the ALJ failed to develop the record in light of the fact that the Commissioner lost the original administrative record.  Specifically, Plaintiff contends that the ALJ erred in developing the record by failing to obtain the report of a consultative examination conducted by psychologist, Dr. Juan Salinas.  Second, Plaintiff asserts that the ALJ erred in affording great weight to the opinions of testifying medical expert, John Simonds, M.D.  Plaintiff argues that although the ALJ afforded significant weight to the opinions of Dr. Simonds, the ALJ failed to explain why he rejected Dr. Simonds' suggested right hand limitations.  Third, Plaintiff contends that the Appeals Council failed to follow the correct legal standards in its review of new evidence submitted by Plaintiff regarding her mental conditions.  Plaintiff urges the Court to reverse the Commissioner's decision for an award of benefits rather than to remand the case for further proceedings.

Defendant responds the ALJ properly developed the record.  Defendant further asserts that the ALJ properly evaluated the opinions of Dr. Simonds because Dr. Simonds failed to provide specific right hand limitations.  Finally, Defendant asserts that the Appeals Council used the correct legal standards in evaluating the new evidence submitted before it by Plaintiff.

### A.   The ALJ's Decision

For the period prior to August 14, 2007, the third ALJ determined that Plaintiff had severe impairments, including status post traumatic brain injury, seizure disorder, loss of vision in the left eye, loss of smell, cognitive disorder not otherwise specified, headaches, asthmatic chronic obstructive pulmonary disorder, and a history of substance abuse in remission.  (Tr. 19-20.)  The ALJ then determined that during this period, Plaintiff's impairments met or equaled Listing 12.02, thereby rendering her disabled.  (Tr. 20-22.)

During the period after August 14, 2007, the ALJ found that Plaintiff's impairments remained severe, but that medical improvement occurred and that Plaintiff's impairments no longer met a listing.  (Tr. 22-24.)  The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform a range of light work, but limited to the following restrictions:

> The claimant should not be required to lift and carry more than 20 pounds occasionally and 10 pounds frequently; the claimant should not be required to balance and climb ladders, ropes or scaffolds; the claimant should not be required to work at unguarded heights or near unguarded hazardous mechanical equipment; the claimant should not be required to see out of more than one eye; the claimant is not [to] be required to understand, remember and carry out more than simple instructions; the claimant should not be required to have more than superficial interaction with the public; the claimant should not be required to adapt to more than simple changes in a routine work setting more often than on a weekly basis; and the claimant should not be required to be exposed to excessive dust, fumes or gases more than incidentally on a rare basis.

(Tr. 24.) In making this finding, the ALJ "afford[ed] great weight to the opinion of Dr. John Simonds, the impartial medical expert, who testified at the hearing on February 11, 2013." (Tr. 29.) The ALJ further noted that "Dr. Simonds opined that the claimant would be physically limited to simple, repetitive light work with limitations on her fine motor skills with the right hand, environmental restrictions secondary to her asthma as well as no work with unprotected heights or machinery and no more than superficial public contact." (*Id.*) The ALJ afforded "great weight to Dr. Simonds' opinion regarding [Plaintiff's RFC] assessment after August 13, 2007, as he is a board certified psychiatrist and neurologist, as he reached his conclusions based on a comprehensive review of the medical evidence, and his opinion is consistent with the medical evidence as a whole." (Tr. 30-31.)

With the benefit of testimony from a vocational expert ("VE"), the ALJ found that, beginning on August 14, 2007, Plaintiff could perform other jobs existing in significant numbers in the national economy, such as cleaner/housekeeper and cleaner/polisher. (Tr. 32.) Accordingly, the ALJ found that Plaintiff's disability ended on August 14, 2007. (Tr. 32.)

### B. The ALJ's Decision is Not Supported by Substantial Evidence

Plaintiff argues that, despite affording "great weight" to the opinions of Dr. Simonds, the ALJ failed to include all of the limitations in Plaintiff's RFC in which Dr. Simonds opined, and failed to provide any reasons for rejecting any portion of

6

Dr. Simonds' opinion as required. More specifically, Plaintiff contends that the ALJ failed to explain how he accounted for Dr. Simonds' suggested right hand limitations. The undersigned agrees.

The ALJ's RFC determination does not need to include or account for every limitation contained in a medical opinion. *See, e.g.,* 20 C.F.R. 404.1527(e)(2)(i) ("Administrative law judges are not bound by any findings made by State agency medical or psychological consultants"); *see also Vermillion v. Comm'r of Social Sec.*, Case No.: 6:12–cv–1572–Orl–GJK, 2014 WL 906119 at *3 (M.D. Fla. Mar. 7, 2014) ("It is axiomatic that the ALJ's RFC determination does not have to include or account for every limitation contained in a medical opinion"). However, "[t]he ALJ is required to provide a reasoned explanation as to why he chose not to include a particular limitation in his RFC determination." *Krauss v. Comm'r of Social Sec.*, Case No.: 6:13–cv–640–Orl–GJK, 2014 WL 4639143 at *3 (M.D. Fla. Sept. 16, 2014) (citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011) and *Monte v. Astrue*, Case No.: 5:08–cv–101–Oc–GRJ, 2009 WL 210720 at *6–7 (M.D. Fla. Jan. 28, 2009)). For this reason, reversal is required where an ALJ fails to sufficiently articulate the reasons supporting his decision to reject portions of a medical opinion while accepting others. *Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012) (finding the ALJ failed to articulate the reasons supporting his decision to reject consulting physician's opinion that plaintiff's impairments could

limit the use of upper body movements and coordinated activities with the hands).

Here, the ALJ afforded Dr. Simonds' hearing testimony "great weight." (Tr. 29.) Dr. Simonds testified that Plaintiff would be limited to performing simple, repetitive light work, with certain other limitations. In discussing Plaintiff's limitations, Dr. Simonds opined as follows:

> [Plaintiff] would have limitations due to that to (sic) rather simple, repetitive work, probably light work, no – *she would probably have difficulty with fine motor skills on the right hand*. She'd have limitations related to asthma, climate controlled environment, and the history of seizures, that would require precautions in any job situation, and that would exposures (sic) such as heights or machinery. I didn't think there was any significant problem with dealing with the public, but because of the anxiety, maybe some limitations to superficial contact with public. I think that's about it.

(Tr. 1067 (emphasis added).) Dr. Simonds referred to an August 28, 2007 neuropsychological evaluation of Plaintiff (Tr. 354-61) to form the basis for his opinions regarding Plaintiff's work abilities and limitations after August 13, 2007. (Tr. 1066-74.) In affording "great weight" to Dr. Simonds' testimony, the ALJ acknowledged Dr. Simonds' proposed limitations, including "limitations on [Plaintiff's] fine motor skills with the right hand." Notably, however, the ALJ included in the RFC determination all limitations suggested by Dr. Simonds above, except for the suggested right hand limitations. The ALJ made no reference to Plaintiff's right hand limitations in the RFC and made no mention of why he failed to include or account for such limitations in the RFC. Without

further clarity as to the grounds for such a rejection, the undersigned cannot determine whether the ALJ's conclusions were supported by substantial evidence.  *See Winschel*, 631 F.3d at 1179 ("It is possible that the ALJ considered and rejected these two medical opinions, but without clearly articulated grounds for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence.").

The Commissioner argues that the ALJ did not err in failing to account for the right hand limitations because "Dr. Simonds' opinion was phrased in terms of possibility, and possible restrictions do not actually define the extent of restriction on a claimant's functional abilities." (Doc. 22 at 9.)  The undersigned disagrees.  Dr. Simonds' testimony makes clear that he proposed right hand limitations, rather than mere "possible" limitations.  In describing all of his proposed limitations, Dr. Simonds opined that Plaintiff "would *probably* have difficulty with fine motor skills on the right hand."[2]  (Tr. 1067 (emphasis added).)  Dr. Simonds further explained that Plaintiff "ha[d] the right grip [weakness] . . . and that's why [he] indicated there *would be* some limitations in fingering and gripping with the right hand."  (Tr. 1073-74 (emphasis added).)

Moreover, the ALJ understood Dr. Simonds' suggested right hand limitations to be more concrete.  In describing Dr. Simonds' proposed limitations,

---

[2] Notably, although Dr. Simonds recommended only "*maybe* [including] some limitations to superficial contact with public," the ALJ limited Plaintiff to superficial contact with the public in the RFC.  (Tr. 1067 (emphasis added).)

the ALJ stated, "Dr. Simonds opined that the claimant would be physically limited to simple, repetitive light work *with limitations on her fine motor skills with the right hand*." (Tr. 29 (emphasis added).) Yet, the ALJ failed to include any right hand limitations in the RFC determination. Finally, it is important to note that the August 28, 2007 neuropsychological evaluation of Plaintiff, of which Dr. Simonds referenced as a basis for his proposed limitations, explained that there "was evidence of *severe* motor strength lateralization, with right hand grip strength *much weaker* than the left hand." (Tr. 359 (emphasis added).)

The Commissioner also argues that the ALJ did not err because Dr. Simonds did not impose any particular limitation on the frequency that Plaintiff could use her hand and because Dr. Simonds did not opine that the limitation would last for twelve continuous months. However, the Court cannot "supply a reasoned basis for [the ALJ's decision] that the [ALJ himself] has not given." *Dixon v. Astrue*, 312 F. App'x 226, 229 (11th Cir. Feb. 13, 2009) (per curiam). Rather, the Court must judge the propriety of the ALJ's decision based "solely by the grounds invoked by the agency." *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947). Since the ALJ failed to "state with at least some measure of clarity the grounds for [his] decision," the case should not be affirmed "simply because some rationale might have supported the ALJ's conclusion." *Winschel*, 631 F.3d at 1179 (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam)).

Nevertheless, to the extent that the Commissioner argues that the ALJ's error constitutes harmless error, such argument is unpersuasive. Although the Commissioner is correct that the jobs of cleaner/housekeeper and cleaner/polisher require only occasional fingering, they do require frequent and constant handling, respectively. *See Dictionary of Occupational Titles* § 323.687-014, 1991 WL 672783; *Dictionary of Occupational Titles* § 709.687-101, 1991 WL 679134. Dr. Simonds proposed right *hand* limitations due to Plaintiff's weak right grip. Both handling and fingering may be affected by such limitations. *See Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993) at C-3, available online at www.ssaconnect.com/tfiles/SCO-Appendicies.pdf (defining handling as "[s]eizing, holding, grasping, turning, or otherwise working with hand or hands," and fingering as "[p]icking, pinching, or otherwise working primarily with fingers rather than with the whole hand or arm as in handling"). Moreover, the ALJ could find that Plaintiff is limited to not using her right hand at all, which may require VE testimony to explain whether there are jobs in which Plaintiff could perform in that circumstance. *See, e.g., Adams v. Astrue*, Case No.: 3:07-cv-348-J-MCR, 2010 WL 3293344 at *8 (M.D. Fla. Aug. 19, 2010) ("Within each job description, the DOT does not specify whether one or both hands is required. Because the DOT is not comprehensive, the court in *Jones* found the ALJ 'should supplement the DOT data with local information detailing jobs in the regional community. The VE

provides this vital information.' *Jones* [*v. Apfel*], 190 F. 3d [1224,] 1230 [(11th Cir. 1999)]. Thus, because the DOT is silent as to which jobs require working with one or both hands, the ALJ may gain this information via VE testimony . . .").

Therefore, the undersigned recommends that on remand, the ALJ be directed to consider Plaintiff's right hand impairment and any resulting limitations, as suggested by Dr. Simonds, together with all severe and non-severe impairments, in assessing the RFC. In light of this conclusion and the possible change in the RFC, the Court need not address Plaintiff's remaining arguments. *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam); *Freese v. Astrue*, 2008 WL 1777722, at \*3 (M.D. Fla. Apr. 18, 2008); *see also Demenech v. Sec'y of the Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam). However, on remand, the ALJ should also be directed to attempt to obtain the report of the consultative examination conducted by Dr. Salinas in December 2008.

    **C.**    **Request for Award for Benefits**

Since reversal is necessary, the Court must address Plaintiff's request that the case be remanded for an award of benefits. (Doc. 20 at 27-28.) Reversal for an award of benefits is only appropriate either where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, or where the claimant has suffered an injustice. *See Davis v. Shalala*, 985 F. 2d 528, 534 (11th Cir. 1993); *Walden v. Scweiker*, 672 F. 2d 835, 840 (11th

Cir. 1982).  Here, Plaintiff appears to argue only the latter.  However, remand is recommended based on the ALJ's failure to account for Plaintiff's proposed right hand limitations.  Although the length of time this matter has been pending and the lost record are two factors causing the undersigned some concern, a review of the record in this case does not establish that Plaintiff is disabled beyond a doubt or that she has suffered an injustice to justify an award for benefits.  Accordingly, it is **RECOMMENDED** that the Court reject Plaintiff's request to remand for an award of benefits.

### III.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Commissioner's decision be **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** with instructions to the ALJ to: (a) consider Plaintiff's right hand impairment and any resulting limitations, as suggested by Dr. Simonds, together with all severe and non-severe impairments, in assessing the RFC; (b) attempt to obtain the report of the consultative examination conducted by Dr. Salinas in December 2008; (c) reconsider the RFC assessment, if necessary; and (d) conduct any further proceedings deemed appropriate.

2. Plaintiff's counsel be advised that, in the event benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set forth by the Order entered in Case No.: 6:12-mc-124-Orl-22 (*In re:*

*Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2))*.

      3.    The Clerk of Court be directed to enter judgment accordingly and close the file.

      **DONE AND ENTERED** at Jacksonville, Florida, on July 13, 2016.

      MONTE C. RICHARDSON
      UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record