**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SABRINA A. TALLEY,

       Plaintiff,

vs.                                Case No. 3:15-cv-423-J-34MCR

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

       Defendant.

_____/

## O R D E R

     **THIS CAUSE** is before the Court on Magistrate Judge Monte C. Richardson's Report

and Recommendation (Dkt. No. 23; Report), entered on July 13, 2016.  In the Report,

Magistrate Judge Richardson recommends that the Commissioner's decision be reversed

and remanded.  <u>See</u> Report at 13.  No objections to the Report have been filed, and the time

for doing so has passed.

     The Court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  If no specific

objections to findings of facts are filed, the district court is not required to conduct a <u>de novo</u>

review of those findings.  <u>See</u> <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir. 1993);

<u>see</u> <u>also</u> 28 U.S.C. § 636(b)(1).  However, the district court must review legal conclusions

<u>de novo</u>.  <u>See</u> <u>Cooper-Houston v. Southern Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994);

United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

Upon independent review of the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Accordingly, it is hereby

**ORDERED:**

1.     The Report and Recommendation (Dkt. No. 23) of Magistrate Judge Richardson is **ADOPTED** as the opinion of the Court.

2.     The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **REVERSING** the Commissioner's final decision and **REMANDING** this matter to the ALJ with the following instructions:

(a)     Consider Plaintiff's right hand impairment and any resulting limitations, as suggested by Dr. Simonds, together with all severe and non-severe impairments, in assessing the RFC;

(b)     Attempt to obtain the report of the consultative examination conducted by Dr. Salinas in December 2008;

(c)     Reconsider the RFC assessment, if necessary; and

(d)     Conduct any further proceedings deemed appropriate.

3.     The Clerk of the Court is further directed to close the file.

4.     Plaintiff's counsel is advised that, in the event benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set

forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying

for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** in Jacksonville, Florida, this 10th day of August, 2016.

**MARCIA MORALES HOWARD**
United States District Judge

ja

Copies to:

Counsel of Record